UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80553-CIV-MARRA

DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE RALI 2006-QS8l,

    Plaintiff,

v.

JOHN BIGGIE, and UNKNOWN
SPOUSE OF JOHN BIGGIE, IF ANY,

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE 14]. The Court has carefully considered the motion, response, amended reply, supplemental authority, the entire Court file, and is otherwise fully advised in the premises.

Background

In 2013, Deutsche Bank Trust Company Americas as Trustee for the RALI trust ("Plaintiff") brought a foreclosure action against John Biggie ("Defendant") in the Circuit Court of Palm Beach County, Florida in Case No. 2013 CA 010563. *See* DE 15-1 (Verified Complaint for Mortgage Foreclosure and Other Relief, "First Complaint"). In the First Complaint, it was averred that the mortgage was executed on or about April 5, 2006. DE 15-1, ¶ 2. It was further averred that the "Note and Mortgage are in default by reason of non-payment of the payment due *September 1, 2008,* and all

payments subsequent thereto." DE 15-1, ¶ 5 (emphasis added).

On May 26, 2015, a bench trial was held, and that same day the Circuit Judge entered the following in an "Order on Trial:"

> Plaintiff's request for a Final Judgment of Foreclosure is denied without prejudice; and Defendant's Motion for Involuntary Dismissal at the conclusion of the trial is GRANTED.

DE 14 at 9.  The Circuit Court denied Plaintiff's subsequent motions for rehearing and clarification.  DE 14 at 10.  Plaintiff appealed the "Order on Trial," but then voluntarily dismissed the appeal.  DE 25-1 (Case No. 4D15-2932).

In this case, Plaintiff has filed a second suit to foreclose based on the same mortgage and note for "failing to make the monthly payment due on *January 1, 2012, and all payments thereafter . . .*"  DE 1, ¶ 17 (emphasis added).  Plaintiff also asserts default for Defendant's failure to pay ad valorem taxes, failure to maintain hazard insurance, and failure to pay yearly hazard insurance premiums.  Plaintiff seeks the principal amount of $391,417.65, plus interest and fees.  *Id*.

In the instant motion, Defendant argues that this court lacks subject matter jurisdiction to review the Circuit Court's final judgment pursuant to the *Rooker-Feldman* doctrine, and in addition, that this matter should be dismissed under *res judicata*.  Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

**Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual

challenge to the complaint.  *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007) ("*McElmurray*").  A factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'"  *See McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  If the defendant challenges the factual predicate of subject matter jurisdiction, this Court may then go beyond the allegations of the complaint, without converting the motion to dismiss to a summary judgment proceeding, and consider evidence to determine if there are facts to support the jurisdictional allegations.  Fed. R. Civ. P. 12(b)(1); *Flournoy v. Govt. Nat'l Mortgage Assoc.*, 156 F. Supp. 3d 1375, 1378 (S.D. Fla. 2016); *McGee v. Cole*, 993 F. Supp. 2d 639 (S.D. W. Va. 2014).

     Here, Defendant advances a factual attack on the instant Complaint arguing this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *See, e.g., Christophe v. Morris*, 198 F.App'x 818 (11th Cir. 2006) (per curiam) (affirming a district court's decision to dismiss the complaint where the district court had considered *Rooker-Feldman* as a factual attack on its subject matter jurisdiction).  Accordingly, this Court may properly consider evidence outside the pleadings[1] in

---

[1] This Court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment.  *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006).  In considering a motion to dismiss, this Court may, and does in this case, take judicial notice of the public record filings in the foreclosure action that is referenced in the pleadings.  *See Myrtyl v. Nationstar Mortg. LLC,* Case No. 15-CIV-61206, 2015 WL 4077376, at *1 (S.D. Fla.

determining whether the Complaint should be dismissed.

**Discussion**

The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.  *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) ("*Casale*").  The doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The doctrine bars federal claims raised in the state court and claims "inextricably intertwined" with the state court's judgment.  *See Feldman*, 460 U.S. at 482 n.16.  A claim is "inextricably intertwined"  if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues."  *Casale*, 558 F.3d at 1260 (quoting *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)) (internal quotation marks omitted); *see also Springer v. Perryman*, 401 F.App'x 457, 458 (11th Cir. 2010) (per curiam).

---

July 6, 2015) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

Defendants cite a mix of cases where the *Rooker-Feldman* doctrine was applied to dismiss actions seeking to have state court judgments of foreclosure set aside.  *See Downs v. IndyMac Mortg. Servs., FSB*, 560 F. App'x 589, 591 (7th Cir. 2014) (suit brought challenging the validity of a foreclosure judgment entered against plaintiff in state court); *Woodfaulk v. Lamar*, 2007 U.S. Dist. LEXIS 97462 at 20 (M.D. Fla. 2007) (Report & Recommendation) (same); *Gonzalez v. Deutsche Bank Nat'l Trust Co.*, 632 F.App'x 32, 34 (2d Cir. 2016) (district court correctly dismissed all of plaintiffs' claims seeking reconsideration of the foreclosure judgment); and *Valentine v. BAC Home Loans Servicing, L.P.*, 635 F.App'x 753, 757 (11th Cir. 2015) ("[t]here is no serious question that the [instant] complaint invited the district court to review and reject the state court's [foreclosure] judgment").

Defendant relies principally on *Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776 (11th Cir. 2015).  The plaintiff in *Symonette* filed an action for wrongful foreclosure and slander of title, among other causes of action, and sought to quiet title after a Florida state court entered a final judgment of foreclosure against him. The Eleventh Circuit affirmed dismissal because "[u]nder the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review a state court's final judgment."  The Eleventh Circuit in *Symonette* also affirmed the dismissal under *res judicata* where the "facts essential to the maintenance of [the] federal action [were] identical to those facts which were essential to the maintenance of the prior state action . . ."  *Symonette*, 631 F.App'x at 778.

Notably, all of these cases were brought by individuals who were attempting to reverse judgments of foreclosures entered against them in state court.  In this case, however, Plaintiff is not seeking to obtain this Court's review or reversal of the dismissal order in the state court foreclosure action.  Rather, Plaintiff argues it is asserting new and independent claims based on new and separate defaults by Defendant.

Oddly, Defendant neither mentions nor discusses *Singleton v. Greymar Assoc.*, 882 So.2d 1004 (Fla. 2004), an important case which directly addresses the circumstances presented here.  *Singleton* held that a dismissal in a mortgage foreclosure action does not necessarily bar a subsequent foreclosure action on the same mortgage.  In *Singleton*, the mortgagee filed a foreclosure action based on the mortgagor's failure to make payments due from September 1, 1999, to February 1, 2000.  In a footnote, the supreme court noted the mortgagor's unchallenged representation that the foreclosure action sought to accelerate the entire indebtedness.  This first action was dismissed with prejudice when the mortgagee failed to appear at a case management conference.  The mortgagee thereafter filed a second foreclosure action seeking to recover on alleged defaults occurring from April 1, 2000, forward.  The circuit court, rejecting the argument that the prior dismissal barred relief in the second action, entered summary judgment in favor of the mortgagee in the second suit.  The Fourth District Court in *Singleton v. Greymar Associates*, 840 So.2d 356 (Fla. Dist. Ct. App. 2003), agreed that *res judicata* did not

bar the second suit because the second suit was brought for a new and different breach.  The mortgagor petitioned the supreme court to review the holding, as the holding conflicted with the decision from the Second District Court in *Stadler v. Cherry Hill Developers, Inc.*, 150 So.2d 468, 472-473 (Fla. Dist. Ct. App. 1963) (holding that *res judicata* barred the bringing of a second foreclosure suit that was identical to the first suit other than the period of defaults alleged were different; observing that the acceleration of payments in the first action put the entire balance of the loan at issue at that time, resulting in the second suit being identical to the first).  The supreme court rejected the "stricter and more technical view of mortgage acceleration elections" taken in *Stadler* and agreed with the Fourth District Court "that when a second and separate action for foreclosure is sought for a default that involves a separate period of default from the one alleged in the first action, the case is not necessarily barred by *res judicata*."  *Singleton*, 882 So.2d at 1006.  The supreme court explained:

> While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue. *See Olympia Mortgage Corp.*, 774 So.2d at 866 ("We disagree that the election to accelerate placed future installments at issue."); *see also Greene v. Boyette,* 587 So.2d 629, 630 (Fla. 1st DCA 1991) (holding that a mortgagee can successfully recover twice on one mortgage for multiple periods of default because the payments were different "installments"). . .
>
> This seeming variance from the traditional law of res judicata rests upon a recognition of the unique nature of the mortgage obligation and the

> continuing obligations of the parties in that relationship.  For example, we can envision many instances in which the application of the *Stadler* decision would result in unjust enrichment or other inequitable results.  If res judicata prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note.  The adjudication of the earlier default would essentially insulate her from future foreclosure actions on the note - merely because she prevailed in the first action.  Clearly, justice would not be served if the mortgagee was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.

*Id.* at 1007-08; *see also, U.S. Bank Nat. Ass'n v. Bartram*, 140 So.3d 1007, 1010-14 (Fla. Dist. Ct. App. 2014); *Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013) ("While any claims relating to individual payment defaults that are now more than five years old may be subject to the statute of limitations, each payment default that is less than five years old ... created a basis for a subsequent foreclosure and/or acceleration action" (alteration added, citations omitted)); *Evergrene Partners, Inc. v. Citibank, N.A.*, 143 So.3d 954, 955 (Fla. Dist. Ct. App. 2014) (mortgage was still enforceable because "the statute of limitations ha[d] not run on all of the payments due pursuant to the note," specifically those payments missed after the initial alleged default.  In reaching this conclusion, the appellate court relied on *Singleton*, and emphasized that "[w]hile a foreclosure action with an acceleration of the debt may bar a subsequent foreclosure action based on the same event of default, it does not bar subsequent actions and acceleration based upon different events of default"); *PNC Bank, N.A. v. Neal*, 147 So.3d 32, 32 (Fla. Dist. Ct.

Page 8 of  11

App. 2013) (an initial foreclosure action that sought acceleration and was dismissed with prejudice did not bar the mortgagee from "instituting a new foreclosure action based on a different act or a new date of default not alleged in the dismissed action.")

These holdings are buttressed by the decision just released in *Bartram v. U.S. Bank, Nat'l Ass'n*, No. 14-1265, 2016 WL 6538647, *15 (Fla. Nov. 3, 2016) ("*Bartram*") where the Florida Supreme Court answered a certified question[2] from the Fifth District Court of Appeal stating that a lender can file a subsequent foreclosure action based on a payment default which occurred subsequent to the dismissal of the first foreclosure action, so long as the subsequent default occurred within five years of the second foreclosure action.

In the instant case, the first foreclosure action was based on a failure to make a mortgage payment due September 1, 2008. That action was dismissed without prejudice. This second action is based on a failure to make a mortgage payment due January 1, 2012. As the precedent is clear, Plaintiff has the right to bring this second foreclosure action because it is based on a subsequent and different default. *See Verdecia v. Bank of New York as Trustee for Certificate Holders CWABS, Inc.*, 2014

---

[2] "Does Acceleration of Payments Due under a Residential Note and Mortgage with a Reinstatement Provision in a Foreclosure Action That Was Dismissed Pursuant to Rule 1.420(b), Florida Rules of Civil Procedure, Trigger Application of the Statute of Limitations to Prevent a Subsequent Foreclosure Action by the Mortgagee Based on Payment Defaults Occurring Subsequent to Dismissal of the First Foreclosure Suit?" (As rephrased by the supreme court).

WL 3767668, at *3 (S.D. Fla. 2014) ("every missed payment gives rise to a new cause of action for foreclosure"); *Torres v. Countrywide Home Loans, Inc.*, 2014 WL 3742141, at *2 (S.D. Fla. 2014) ("each payment default that is less than five years old creates a basis for a subsequent foreclosure or acceleration action"); *2010-3 SFR Venture, LLC v. Garcia*, 149 So. 3d 123, 125 (Fla. Dist. Ct. App. 2014) ("[R]egardless of adjudication on the merits in the first action - *res judicata* does not preclude a subsequent action based on a subsequent default"); *Star Funding Solutions, LLC v. Krondes*, 101 So. 3d 403 (Fla. Dist. Ct. App. 2012) ("A new default, based on a different act or date of default not alleged in the dismissed action, creates a new cause of action"); *accord Espinoza v. Countrywide Home Loans Servicing, L.P.*, No. 14-20756-CIV, 2014 WL 3845795, at *4 (S.D. Fla. Aug. 5, 2014).

As the Florida supreme court explained in *Singleton* and reiterated in *Bartram*, "the dismissal returned the parties back to 'the same contractual relationship with the same continuing obligations.'"  *Singleton*, 882 So.2d at 1007.  Defendant and Plaintiff's prior contractual relationship gave Defendant the opportunity to continue making his mortgage payments, and gave the Plaintiff the right to exercise its remedy of acceleration through a foreclosure action if Defendant subsequently defaulted on a payment separate from the default upon which Plaintiff predicated its first foreclosure action.  Therefore, Plaintiff's attempted prior acceleration in a foreclosure action that was involuntarily dismissed did not trigger *res judicata* or the *Rooker-Feldman* doctrine to bar future foreclosure actions based on separate

defaults.  *Bartram*, 2016 WL 6538647, at *11 (Fla. 2016).

Based on the discussion above, it is hereby

**ORDERED AND ADJUDGED** that is Defendant's Motion to Dismiss [DE 14] **DENIED.**  It is further ordered that Plaintiff's Motion to Strike Defendant's Amended Reply is denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of December, 2016.

_____
KENNETH A. MARRA
United States District Judge